# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 14-1176C
(Filed: July 10, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SHANNA CLEWLEY and COLT
CLEWLEY

          Plaintiffs,

v.

THE UNITED STATES,

          Defendant,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Rule 12(b)(1); Rule 12(b)(6); Rule 9(k); Jurisdiction; Failure to state a claim upon which relief can be granted; Breach of duty of good faith and fair dealing

_____

OPINION
_____

**BRUGGINK,** *Judge.*

    In their complaint, plaintiffs allege that the United States breached its contractual duty of good faith and fair dealing. Pending before the court is defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion has been fully briefed, and we deem oral argument unnecessary. As more fully explained below, we grant the motion to dismiss in part and give plaintiffs leave to file an amended complaint.

BACKGROUND[1]

In 2005, the Rural Housing Service ("RHS"), an agency within the United States Department of Agriculture ("USDA"), loaned $174,890 to plaintiffs to facilitate the construction of a single-family home in Florissant, Colorado, pursuant to Section 502 of the Housing Act of 1949. 42 U.S.C. §§ 1441-1490t (2012). To receive the loan, plaintiffs signed a series of documents that consisted of a promissory note, deed of trust, subsidy repayment agreement, and a payment assistance/deferred mortgage assistance agreement (the "loan documents"). After the house was completed, plaintiffs moved in and discovered numerous construction defects, such as faulty plumbing, protruding screws and nails, a leaky bathtub, and mold spreading throughout the property. Over the next six years, plaintiffs made their monthly payments despite the condition of their home.

In the spring of 2011, plaintiffs' monthly payments increased beyond what they could afford. Plaintiffs requested a lower monthly payment amount, but RHS refused. Plaintiffs stopped meeting their monthly mortgage obligation in October 2011. In January 2012, RHS denied plaintiffs' request to restart their monthly payments and demanded that the loan be brought current in one lump sum, as was RHS's prerogative under the provisions of the loan agreement. Unable to pay the lump sum, plaintiffs sold their home for $101,000 in March 2012, roughly $85,000 less than the remaining mortgage balance.

Plaintiffs allege that they received oral assurances from an unnamed individual at RHS prior to that sale that the remainder of their debt would be forgiven if they closed the short sale and completed an application to settle their loan.[2] Plaintiffs promptly submitted the application. RHS did not respond to plaintiffs' application for debt settlement. In a letter dated June 19, 2012, RHS agreed to release its mortgage lien on the property to allow the sale to close, but reminded plaintiffs that they remained responsible for the

---

[1] The facts in this opinion are drawn primarily from the complaint and from the loan documents attached to defendant's motion to dismiss.

[2] Plaintiffs' complaint does not specifically identify when this communication occurred. Given that plaintiffs submitted the documents requested by RHS "on or about June 9, 2012," we assume the communication occurred during the Spring of 2012. *See* Compl. 5.

outstanding balance owed. On July 10, 2012, the sale of plaintiffs' home closed with no objection by RHS. During the ensuing fifteen months, plaintiffs received no communication from RHS.

Around October 2013, plaintiffs attempted to purchase a home in South Dakota. Before the closing of the sale, however, the USDA disclosed to credit reporting agencies that plaintiffs were still in debt to RHS, behind in their payments, and subject to a lien of foreclosure, which prevented plaintiffs from closing on the new home. Plaintiffs inquired about the status of their application for debt settlement from June 2012, and RHS instructed them to resubmit the application. In response to this new application, RHS countered with an offer to lower the amount owed from $79,713.31 to $59,784.98. Plaintiffs sent a counteroffer in February 2014 to which RHS never responded. Plaintiffs sent the same counteroffer again in May 2014. In June 2014, RHS provided another offer of settlement, which plaintiffs did not accept.

In July 2014, plaintiffs requested a formal determination on their original application for debt settlement and sought information on how to appeal any adverse decision. The complaint does not mention whether RHS ever responded to this inquiry. Plaintiffs instituted the present action on December 8, 2014. Plaintiffs allege that defendant breached a contractual duty of good faith and fair dealing through a series of actions, including "failing to timely respond to Plaintiffs' request for debt settlement" and "making misrepresentations to the credit reporting agencies regarding Plaintiffs' financial condition." Compl. 8. On February 6, 2015, defendant filed a motion to dismiss for lack of jurisdiction and failure to state a claim for which relief can be granted.

DISCUSSION

The necessary threshold inquiry in any case is whether we have jurisdiction over the claims presented. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). If we find jurisdiction, we then determine whether plaintiffs have stated claims upon which relief can be granted. A mere "formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

3

In considering a motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989). We assume that the plaintiff's undisputed factual allegations contained within the complaint are true. *Miree v. DeKalb Cnty.*, 433 U.S. 25, 27 n.2 (1977); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). Plaintiff bears the burden of proving that the court has subject-matter jurisdiction, and we may consider evidence outside the pleadings in deciding the issue. *Reynolds*, 846 F.2d at 747-48.

In its motion to dismiss, the United States argues that this Court lacks jurisdiction because plaintiffs have failed to pursue a remedy through the administrative review procedures mandated by the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994 and its implementing regulations. *See* 7 U.S.C. §§ 6991, 6999 (2012) (the "Reorganization Act"). Because plaintiffs received an "adverse decision" from RHS, plaintiffs are required to appeal that decision administratively before seeking judicial review in a district court. *Id.* § 6999. Thus, according to defendant, plaintiffs' claim is premature, and even if it were not, it is in the wrong forum. Finally, defendant argues that plaintiffs' claim based on the USDA's misrepresentation to the credit reporting agencies is a tort claim, outside the jurisdiction of this Court.

Assuming the Court does have jurisdiction, defendant argues that plaintiffs have failed to plead the existence of a contractual duty breached by the government. Plaintiffs' application for debt settlement is not a contract; at most, it is an offer by plaintiffs that was never accepted by RHS, reasons defendant. Defendant cites the series of offers and counteroffers between plaintiffs and RHS to show that the parties never reached agreement, and, even if the loan documents constituted a contract, RHS breached none of its provisions. In the absence of any identified contractual obligations, defendant argues that plaintiffs' claim of a breach of the implied covenant of good faith must be dismissed. Defendant also argues that plaintiffs' failure to expressly identify provisions of the contract in their complaint violates Rule 9(k).

Plaintiffs respond that the administrative review procedures contained within the Reorganization Act are not applicable because plaintiffs are not challenging an "adverse decision." Instead, they are challenging RHS's "wrongful conduct" throughout the course of the parties' relationship. According to plaintiffs, a contract was formed after they submitted their original application for debt settlement following the short sale. Plaintiffs

allege that the fifteen months of silence by RHS was an acceptance of plaintiffs' offer and the $101,000 from the short sale served as the consideration. Furthermore, plaintiffs point to the original loan documents themselves as constituting a contract between plaintiffs and RHS.

Plaintiffs also reject the argument that their allegations concerning the misrepresentation to the credit agencies are tortious. *Id.* at 19. They maintain that a tort claim that is the result of a breach of contract is ultimately a contract claim within the jurisdiction of this Court. *See Kenney Orthopedic, LLC v. United States*, 88 Fed. Cl. 688 (2009). Given the existence of a contract, plaintiffs argue that the USDA's disclosure to the credit reporting agencies and its repudiation of its oral assurances to forgive plaintiffs' debt were a breach of the covenant of good faith and fair dealing. Plaintiffs also argue that the proper remedy for noncompliance with Rule 9 is to allow them to amend their complaint rather than dismissing the case.

I. Jurisdiction

The Housing Act of 1949 and the Reorganization Act authorize RHS to provide financing to rural homeowners. 7 U.S.C. §§ 6901-7035; 42 U.S.C. §§ 1471-1490t. The program furnishes mortgage payment assistance to families at qualifying low-income levels. Under the terms of the Reorganization Act, a participant may appeal an "adverse decision" by RHS via the administrative review process specified within the statute. 7 U.S.C. §§ 6995-99. Judicial review of this administrative appeals process is limited to district courts. *Id.* § 6999.

An "adverse decision" is defined as an "administrative decision made by an officer, employee, or committee of an agency that is adverse to a participant. The term includes . . . the failure of an agency to issue a decision or otherwise act on the request or right of the participant." *Id.* § 6991(1). Section 6912 mandates that "a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction." *Id.* § 6912(e). Judicial review is limited to only the district courts. *See* 7 U.S.C. § 6999.

Although plaintiffs argue that they are not seeking review of an "adverse decision," the complaint alleges that defendant "fail[ed] to timely respond to Plaintiffs' request for debt settlement." Compl. 8. That allegation certainly falls within the statute's definition of an "adverse decision." *See* 7 U.S.C. § 6991(1). To the extent that plaintiffs' complaint seeks a review of

5

RHS' decisions, the complaint is within the exclusive jurisdiction of the district courts.

Furthermore, actions sounding in tort are explicitly excluded from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (2012). Plaintiffs' allegations regarding the "wrongful conduct" of the agency throughout the parties' relationship, and specifically that the USDA "made misrepresentations to the credit reporting agencies," are primarily tort claims.[3] Compl. 8. Thus, plaintiffs' claims regarding tortious conduct, standing alone, are not within the Court's jurisdiction and must be dismissed.

However, plaintiffs are correct that their complaint lies within this Court's jurisdiction to the extent it alleges a contract claim. *See* 28 U.S.C. § 1491(a)(1). Plaintiffs allege the existence of two contracts with RHS, at least one of which–the mortgage itself–is uncontroverted. Breach of the duty of good faith and fair dealing is a contract claim, and this duty is "implied in every government contract." *Detroit Hous. Corp. v. United States*, 55 Fed. Cl. 410, 417 (2003).

II. Failure To State A Claim

Defendant argues that plaintiffs have failed to identify a specific contractual obligation necessary to sustain a claim for breach of the duty of good faith and fair dealing. Defendant points to several provisions of the original loan agreement and supporting documentation, which it attached to support its motion to dismiss, to show that defendant did not have a duty to forgive plaintiffs' debt. Defendant argues that the implied duty of good faith and fair dealing cannot expand the scope of the parties' duties to one another and that the duty of good faith must be linked to a substantive, express obligation under the contract. Defendant also argues that plaintiffs have not alleged a specific intent to injure plaintiffs or malice on the part of any RHS officials, which is required for a breach of the duty of good faith and fair dealing.

We begin by noting that we cannot consider documents outside of the pleadings when resolving a motion to dismiss under Rule 12(b)(6). RCFC

---

[3] We recognize plaintiffs' argument that a tort which stems from a breach of contract is ultimately a contract claim. The validity of this position will depend on the allegations made in the amended complaint.

12(d). Defendant attached loan documents to its motion. This problem, however, is caused, as defendant pointed out in its reply brief, by plaintiffs' failure to meet the specificity requirements of Rule 9 by failing to "identify the substantive provisions of the contract or treaty on which the party relies" or by simply attaching the contract to the complaint. RCFC 9(k). Defendant is correct that the breach of good faith and fair dealing is not a "substantive provision" within the meaning of Rule 9.

Looking solely at the complaint, plaintiffs have alleged the existence of two contracts: the original loan agreement and the "Short Sale Agreement." Compl. 2, 5. The only contractual cause of action alleged in the complaint is one for a breach of the implied covenant of good faith and fair dealing. Although this cause of action assumes the existence of positive contractual provisions, plaintiffs must identify those provisions for the duty of good faith and fair dealing to attach. *Detroit Hous. Corp.*, 55 Fed. Cl. at 417. Plaintiffs' complaint is currently deficient in this regard.

However, the remedy for this deficiency is not yet to dismiss the complaint. Rule 9 notwithstanding, the rules contemplate notice pleading, rather than fact pleading, *Bell,* 550 U.S. at 5. According to the Court's rules, we should "freely give leave [to amend the complaint] when justice so requires." RCFC 15(a)(2); *see also Gonzalez-McCaulley Inv. Group, Inc. v. United States*, 93 Fed. Cl. 710, 717 (2010) (allowing the plaintiff to amend its complaint to remedy failure to plead with specificity under Rule 9(k)). We will allow plaintiffs to amend their complaint. Plaintiffs have alleged the existence of two contracts and at least some conduct which they believe was a breach of one or both of those contracts. The complaint is thus not so lacking as to warrant dismissal at this juncture. The amended complaint must meet the particularity requirements of ule 9, however, and plaintiffs will be well served to plead the elements of each contract they allege was breached and to identify the provisions that were breached. Failure to do so may result in dismissal.

CONCLUSION

As explained above, defendant's motion to dismiss for lack of jurisdiction is granted as to plaintiffs' claims for review of RHS' actions under the applicable statutes and granted as to plaintiffs' claims for tortious conduct apart from a breach of contract. The motion to dismiss is denied without prejudice as to plaintiffs' breach of contract claims. We grant plaintiffs leave

to file an amended complaint to plead their contract claims with more specificity. Accordingly, the following is ordered:

    1. The clerk of court is directed to dismiss those portions of plaintiffs' complaint not alleging a breach of contract.

    2. Plaintiffs are directed to file an amended complaint on or before July 31, 2015.

    3. Defendant is directed to answer or otherwise respond to the amended complaint on or before August 28, 2105.

s/ Eric G. Brugging<br>
ERIC G. BRUGGINK<br>
Judge